SO ORDERED.

SIGNED this 1 day of August, 2017.

_____
**Joseph N. Callaway**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | Case No.: |
| DENNIS P. SORGE, | 16-04142-5-JNC |
| | Chapter 11 |
| Debtor | |
| ------------------------------------------------------- | |
| FEDERAL INSURANCE COMPANY, | |
| GREAT NORTHERN INSURANCE COMPANY, | |
| and PACIFIC INDEMINTY COMPANY, | |
| Plaintiffs | Adversary Proceeding No.: |
| | 16-00168-5-JNC |
| v. | |
| DENNIS P. SORGE, | |
| Defendant | |
| ------------------------------------------------------- | |

ORDER ALLOWING PLAINTIFF'S MOTION
FOR LEAVE TO AMEND COMPLAINT

The matter before the court is the Motion for Leave to File Second Amended Complaint filed by plaintiffs Federal Insurance Company, Great Northern Insurance Company, and Pacific Indemnity Company (collectively, "Federal") on May 24, 2017 (Dkt. 33; the "Motion"). Defendant Dennis P. Sorge ("Mr. Sorge") filed a Memorandum in Opposition on May 31, 2017 (Dkt. 34; the "Objection"). A hearing took place on July 13, 2017 in Greenville, North Carolina,

at the conclusion of which the matter was taken under advisement. The Motion is approved with conditions as set forth below.

## BACKGROUND

This adversary proceeding seeks entry of an order declaring that all debts owed by Mr. Sorge to Federal be excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(2) and (4). The facts and much of the background pertinent to the case were discussed in detail in the Order Regarding Defendant's Motion to Dismiss Adversary Proceeding entered February 6, 2017 (Dkt. 23; the "Dismissal Order") in the case, which is adopted herein and will only be repeated where necessary. The Dismissal Order denied Mr. Sorge's Motion to Dismiss the adversary proceeding under Federal Rule of Civil Procedure 12(b)(6)[1] for failure to state a cause of action to except the claims from discharge based on 11 U.S.C. § 523(a)(2), and allowed the Motion to Dismiss with respect to claims for exception from discharge asserted under 11 U.S.C. § 523(a)(4) for breach of fiduciary duty. As a result, all of Count II from the Amended Complaint and a portion of Count I were dismissed. The purpose of the Motion is to add a discharge exception claim under Section 523(a)(4) for embezzlement, and to revive the previously dismissed Section 523(a)(4) claim based on breach of fiduciary duty. Mr. Sorge maintains that the proposed Second Amended Complaint still does not allege sufficient facts to state a valid cause of action under 11 U.S.C. § 523(a)(4) (whether for breach of fiduciary duty or embezzlement), and that as a consequence the Motion should be denied as inherently futile.

---

[1] Rule 12(b)(6) of the Federal Rules of Bankruptcy Procedure is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b).

2

**DISCUSSION**

A.     **The Standard for Amendment Pursuant to Rule 15(a)(2).**

Aside from certain specific exceptions not applicable here, pursuant to Federal Rule of Civil Procedure 15(a)(2),[2] a party may amend its pleading with written consent of the opposing party or by leave of court. Leave to amend should be freely given when justice so requires, but may be denied if undue prejudice would result or if the amendment is futile. *Kozohorsky v. Harmon,* 332 F.3d 1141, 1144 (8th Cir. 2003). At the hearing, the court announced from the bench that given the timing of the Motion, the availability of adequate time for Mr. Sorge to conduct discovery, the lack of surprise, and the consistency with positions taken in years of litigation between the parties, allowing the Motion would not unduly prejudice or adversely affect Mr. Sorge's ability to defend the proposed additional claim.

The remaining question, therefore, is whether the amendment raises new claims that are inherently futile for failure to state a valid claim such that they would be subject to dismissal pursuant to Rule 12(b) if the amendment were allowed. Mr. Sorge contends that the Section 523(a)(4) claims as stated in the proposed Second Amended Complaint do not satisfy the pleading sufficiency requirements required under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937 (2009). If so, the Second Amended Complaint would not survive a subsequent motion to dismiss and allowing the amendment would be a waste of time and resources. *See Travelers Indem. Co. v. Dammann & Co., Inc.,* 592 F.Supp.2d 752, 763 (D. N.J. 2008).

---

[2] Federal Rule of Civil Procedure 15 is made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7015.

The *Twombly* and *Iqbal* cases hold that a complaint must include "enough facts to state a claim to relief that is plausible on its face" rather than only containing "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 129 S. Ct. at 1965). If sufficient factual allegations are contained in the pleading, the court may next consider "whether they plausibly give rise to an entitlement to relief." *Id*. The court is entitled "to draw on its judicial experience and common sense" to determine if "a plausible claim" is stated. *Id.* at 679, 129 S. Ct. at 1950. As a result, the court will examine whether the embezzlement claim as revised, unlike the earlier Section 523(a)(4) breach of fiduciary duty claim, survives Rule 12(b)(6) scrutiny under the allegations of the proposed amended complaint.

### B.  The Elements for a Discharge Exception Claim Based on Embezzlement

Mr. Sorge maintains that a claim for "embezzlement" under Section 523(a)(4) requires a showing of the following three elements: (1) appropriation of funds for the debtor's own benefit by fraudulent intent or deceit, (2) the deposit of the resulting funds in an account accessible only to the debtor, and (3) the disbursal or use of those funds without explanation of reason or purpose. *In re Bryant,* 147 B.R. 507 (Bankr. W.D. Mo. 1992)*; see also In re Whyte,* 487 B.R. 578, 587 (Bankr. N.D. Ga. 2013) and *In re Chambers*, 226 B.R. 915, 920 (Bankr. N.D. Okla. 1998). Mr. Sorge also takes the position that Federal's proposed Second Amended Complaint does not sufficiently plead either of the first two cited elements – that Mr. Sorge received any benefit from (or profited by) the alleged appropriation of funds by fraud or deceit, or that he deposited the money into "an account accessible only to the debtor."

Federal contends that the test from the *Bryant* case relied upon by Mr. Sorge (and followed in *Whyte* and *Chambers*) misconstrues and misstates the elements of embezzlement applicable in

Bankruptcy Code Section 523(a)(4) cases, and that neither direct "receipt of a benefit" nor deposit into a debtor's controlled account must be shown to satisfy an exception to discharge claim based on embezzlement.

In determining the correct test, the court need look no further than its opinion previously rendered in this same case, which listed the elements necessary to prove embezzlement under Section 523(a)(4), to wit: "(i) the creditor entrusted money or property to the debtor; (ii) the debtor appropriated the money or property for a use other than that for which it was entrusted; and (iii) the circumstances indicate a fraudulent intent." *In re Sorge*, 566 B.R. 369, 381 (Bankr. E.D.N.C. 2017) (citing *Peavey Electronics Corp. v. Sinchak*, 109 B.R. 273, 276 (Bankr. N.D. Ohio 1990)); *see also In re York*, 205 B.R. 759, 764 (Bankr. E.D.N.C. 1997) (embezzlement is "the fraudulent, or knowing and willful, misapplication or conversion of property which belongs to another, by a person to whom such property has been entrusted or onto whose hands it has lawfully come").

The test applied in *Bryant* appears to be based on a misreading of an older bankruptcy court case in Missouri, *In re Beasely*, 62 B.R. 653 (Bankr. W.D. Mo. 1986). The definition of embezzlement for Section 523(a)(2) purposes from *Beasely* is strikingly similar to that promulgated in this district in the *York* case, stating the term embezzlement is a "fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." *Id.* at 655. The *Beasely* court then found that ***the facts in the case*** showed that the debtor (1) sold the creditor's secured grain stored in his possession; (2) deposited the sale proceeds into his bank account; and (3) subsequently used the funds for his own benefit. *Id.* Based upon those facts, the *Beasely* court ruled pursuant to Section 523(a)(4) that the debt owed by the debtor to the grain owner arose from embezzlement and was thus excepted from discharge.

5

It therefore appears that the *Bryant* court misconstrued factual findings from the older *Beasely* case as establishing the elements of embezzlement under Section 523(a)(4), rather than noting the factual findings in the case, thereby unintentionally adding an additional element not necessary in every embezzlement dischargeability case. Because the *Bryant* test is not accurate, the court's prior recitation of the elements for embezzlement contained in the Dismissal Order is correct and will be followed here.

### 1. Entrustment or Profit

Regardless of which standard applies, in considering Mr. Sorge's first point, he ignores several critical pleadings contained in the proposed Second Amended Complaint. First, Federal relies upon and sets forth specific findings against Mr. Sorge made by a federal jury after a multiple-week trial in a lawsuit filed by Federal against Mr. Sorge (and other defendants) in the United States District Court for the Southern District of New York, *Federal Insurance Co., et al. v. Paul H. Mertz, Jr., et al.*, 12-cv-1597-NSR (the "New York Action"). The complaint in the New York Action and the verdict sheet rendered by the jury are attached as Exhibits A and B to the original Complaint (Dkt. 1) and the Amended Complaint (Dkt. 3),[3] are referenced in the proposed Second Amended Complaint (Dkt. 33, Ex. A), and are cited in paragraph 3 of each complaint. The proposed Second Amended Complaint alleges that the New York Action jury returned a verdict finding Mr. Sorge liable with his co-defendant Mertz (along with affiliated corporations) for diversion of over $4.3 million from Federal on unnecessary and improper casualty insurance repair payments on six identified projects.[4] (Dkt. 33 at 12, ¶ 27.) It further alleges that the jury charges

---

[3] The First Amended Complaint was filed as a matter of right one day after the original Complaint to correct a scrivener's error.

[4]The jury verdict was rendered on July 8, 2016, and post-trial motions remain pending in the New York Action. A ruling by the district court in the New York Action on pending post-trial motions may clarify, elaborate

from the New York Action included findings that Sorge (1) "adjusted insurance claims . . . in a dishonest manner," (2) "made material false and fraudulent statements to and concealed material facts from [Federal] and (3) "authorized, recommended or facilitated claim payments on the basis of fraudulent estimates knowing that the estimates were fraudulent. . . ." *Id.* at ¶ 26. The jury verdict attachment bears out those allegations, at least for pleading purposes. Additional facts are alleged concerning unexplained and apparently excessive deposits into Mr. Sorge's bank and retirement accounts during the time of the diversions.[5] *Id.* at ¶¶ 30-32.

The allegations in the cited paragraphs of the proposed Second Amended Complaint, along with the facts taken from and buttressed by the jury verdict, are assumed to be true for purposes of review under Rule 12(b)(6). Those allegations, as amended from the first version of the complaint, demonstrate in sufficient detail how, after being entrusted by Federal with the proper distribution of millions of dollars over the course of his employment, Mr. Sorge enabled millions of dollars to be taken from Federal as part of a fraudulent conspiracy and scheme with Mertz, and that Mr. Sorge received significant money back from or through Mertz as a direct result. The proposed Second Amended Complaint further alleges that Mr. Sorge received money and was able to deposit a far greater percentage of his income than would otherwise be "plausibly" available into retirement accounts. Mr. Sorge contends that the excess contributions were the result of frugal living, but that would be a defense to be shown at trial rather than a plausible conclusion apparent from common sense.

---

upon or even deviate from Federal's interpretation of the jury's findings, which could affect the result in this adversary proceeding.
    [5] *See also* the summary of allegations from pages 9 and 10 of the Amended Complaint, which are repeated in the proposed Second Amended Complaint.

7

It is difficult to fathom under the alleged scheme how Federal could have more clearly and succinctly pled that Mr. Sorge received a "benefit from the appropriation of funds by fraud or deceit," thereby satisfying the pleading requirement as to the first element. The first element of an embezzlement cause of action, whether taken from the correct *Peavey Electronics* elements list ("entrustment"), or under the improperly expansive list from *Bryant* ("debtor benefit"), is met. Mr. Sorge's objection to the Motion will not be sustained on this basis.

### 2.  Appropriation or Deposit

Mr. Sorge next contends that *Bryant* requires a direct deposit to a debtor's account. Federal's pleadings do not attempt to establish that the entrusted funds were deposited directly into a bank account controlled solely by Mr. Sorge because that did not happen in this case. Rather, as determined in the New York Action, the funds at issue travelled first from Federal to Mertz (or an account controlled by Mertz), but only upon a false insurance repair claim approved by Mr. Sorge with knowledge of the falsity of the claim. The proposed Second Amended Complaint does allege that a significant sum from the wrongfully diverted proceeds then continued its journey to Mr. Sorge in the form of bribes paid or kickbacks provided by Mertz. The two transfers were part and parcel of the same scheme or conspiracy, it is alleged. When the allegedly misappropriated funds rebounded to Mr. Sorge, he later made a deposit into his personal bank or retirement accounts.

In his objection, Mr. Sorge would have the court find that an "embezzlement" under Section 523(a)(4) could not have occurred since all of the money apparently went to Mertz first before part of the funds wound up in his bank and retirement accounts. Effectively, strict adherence to the *Bryant* test as urged by Mr. Sorge would enable a wrongdoer to escape liability by first "laundering" the money through a third party. If a direct deposit into an account of the embezzler is an element, the intentional step of using a third party intermediary likely would not obviate proof

8

of this requirement under principles of estoppel and *in pari delicto*. However, because the direct deposit component is not a component of proving embezzlement dischargeability, the court need not consider the detour of the funds through Mertz here. Instead, the court will determine whether the pleadings state the second element of *Peavey Electronics*, "appropriation . . . [of] money or property for a use other than that for which it was entrusted" adequate to support the first and second causes of action in the Second Amended Complaint.

"Appropriation" is "the exercise of control over property, esp[ecially] without permission." BLACK'S LAW DICTIONARY 123 (10th ed. 2014). In addition to the bribery and kickback allegations discussed in the preceding section, Federal has also pled that Mr. Sorge was employed by it from March 2005 to August 2011 as a property claims investigator and adjuster on high-end homes damaged by fire, wind, flood or other casualty. (Dkt. 33 at 8, ¶ 15.) Federal contends that while so employed, Mr. Sorge made recommendations to his superiors resulting in the payments of millions of dollars on insurance claims assigned to him. Federal maintains that it entrusted these financial decisions on these claims to Mr. Sorge as a trusted employee (alleged to be a "fiduciary") with a corresponding duty of loyalty. *Id.* at ¶¶ 15-16. Federal further contends that "[b]etween 2005 and 2011, [Mr.] Sorge routinely authorized and/or recommended claim payments on the basis of fraudulent repair estimates prepared by Paul H. Mertz and The Mertz Company . . . who were then consultants assisting Federal in the adjustment of those claims," *Id.* at ¶ 18, all the while concealing from Federal "that Mertz and The Mertz Company were acting both as Federal's building consultant and the insured's repair contractor." *Id.* at ¶ 22.

Based upon these and other detailed allegations buttressed by Exhibits A and B, the proposed Second Amended Complaint states with sufficiency facts that, if proven, would show an entrustment of authority to direct appropriation of money to pay claims, and that subsequently at

9

least a material portion of those funds were received by Mr. Sorge in the form of bribes or kickbacks on false or inflated claims, and retained for personal use or to enrich himself.[6] The second and third parts of the embezzlement dischargeability test from *Peavey Electronics* has been met for pleading purposes and the second point of the Sorge objection is denied.

## CONCLUSION

Based on the foregoing:

1. The Motion for Leave to Amend is ALLOWED and the Objection is DENIED; however, allowance of the Motion does not affect the Dismissal Order, which remains in full force and effect with respect to the dismissed exception to discharge claim based on breach of fiduciary duty under 11 U.S.C. § 523(a)(4). As a result, the claim for an exception to discharge under 11 U.S.C. § 523(a)(4) in Count I and Count II of the Second Amended Complaint may only be asserted on the basis of embezzlement alleged under Section 523(a)(4).

2. Within seven (7) days of the date of this Order, the plaintiff Federal shall electronically file its Second Amended Complaint (along with any exhibits) on the docket of this case.

3. Mr. Sorge shall have twenty-one (21) days from the docketing of the Second Amended Complaint to file its amended answer or other responsive pleading, which time may be extended up to another twenty-one (21) days by stipulation of the parties without necessity of prior approval by the court.

4. Within fourteen (14) days of the filing of the amended answer or other responsive pleading, the parties shall file a joint scheduling report and advise the court whether or not

---

[6] This order addresses only the sufficiency of pleadings, and expresses no opinion whether or not the Plaintiff can establish the facts as alleged at trial; if proven, whether those facts lead to an exception to discharge; and if so, the proper amount of damages excepted from discharge.

10

additional time is needed to conduct discovery in the case and the effect on existing case deadlines.

The court will then determine if an updated scheduling order is warranted.

**END OF DOCUMENT**